UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

**JOSEPH ADINOLFE,** et al.,

      Plaintiffs,                       CASE No.

vs.

**UNITED TECHNOLOGIES CORPORATION,
d/b/a PRATT & WHITNEY**,

      Defendant.

## NOTICE OF REMOVAL

### I. INTRODUCTION

Defendant United Technologies Corporation, d/b/a Pratt & Whitney ("Pratt & Whitney") removes the action pending in the Circuit Court in and for the Fifteenth Judicial Circuit, Palm Beach County, Florida (the "State Court"), Case No. 50 2010 CA 014630 XXXXMB. The State Court is within the Southern District of Florida and within this division.

Removal is based on diversity of citizenship pursuant to 28 U.S.C. §§ 1332(a) and 1441(b), as it is an action between citizens of different states and the amount in controversy exceeds $75,000. Removal is also based upon 28 U.S.C. § 1332(d), the "Class Action Fairness Act," as at least one plaintiff is diverse from UTC and the purported class, as a whole, seeks in excess of $5,000,000 in damages.

### II. PROCEDURAL COMPLIANCE

This Notice of Removal is timely pursuant to 28 U.S.C. §1446(b). Plaintiffs filed this action in the State Court on June 3, 2010, and Pratt & Whitney first received a copy of the complaint along with the summons on June 16, 2010.

Copies of the process, pleadings, orders, and other papers or exhibits on file with the State Court are attached as **Composite Exhibit A** in compliance with 28 U.S.C. § 1446(a).

Contemporaneous with the filing of this notice of removal, Pratt & Whitney served upon Plaintiffs a notice of filing a notice of removal as required by 28 U.S.C. § 1446(d). A copy of that notice, without exhibits, is attached as **Exhibit B**. The original of that notice, with exhibits, is being filed with the Clerk of the State Court in accordance with 28 U.S.C. § 1446(d).

As Pratt & Whitney is the only defendant, no other party need consent to removal.

### III. SUMMARY OF THE GROUNDS FOR REMOVAL

**Diversity of Citizenship.** Removal is appropriate under 28 U.S.C. § 1332(a)(1) where there is complete diversity of citizenship and the amount in controversy exceeds $75,000.

<u>Citizenship of the Parties.</u>  Pursuant to 28 U.S.C. § 1332(c), a defendant corporation is a citizen both of the state in which it is incorporated and the state in which it maintains its principal place of business. Plaintiffs properly allege that Pratt & Whitney is a Delaware corporation with its principal place of business at 1 Financial Plaza, Hartford, CT 06101. Complaint, ¶192. Thus, Pratt & Whitney is a citizen of both Delaware and Connecticut.

The 323 Plaintiffs are citizens of Florida. Each Plaintiff alleges property ownership in the Acreage community in Palm Beach County, Florida. Complaint, ¶¶1-190. The Complaint and the property records of Palm Beach (and in some cases, Broward) County also demonstrate that *all* of the Plaintiffs are residents of Florida. Thus, there is complete diversity of citizenship.

Specifically, in the Complaint, 295 of the 323 Plaintiffs allege that they both own and reside in the Acreage. The 28 Plaintiffs who do not explicitly allege residence in the Acreage have either claimed the Florida homestead exemption or otherwise listed their mailing address as in Florida. The Florida homestead exemption is available to a resident "with a present intention

2

of living there indefinitely." Fla**.** Admin. Code R**.** 12D-7.007(1) (2002).  "Citizenship is equivalent to 'domicile' for the purposes of diversity jurisdiction." *McCormick v. Aderholt*, 293 F. 3d 1254, 1257 (11th Cir. 2002).  A person's domicile is his permanent home which he plans to return to "whenever absent."  *McCormick*, 293 F. 3d at 1258 (quoting *Mas v. Perry,* 489 F.2d 1396, 1399 (5th Cir.1974)).  As such, each Plaintiff is a citizen of Florida and complete diversity exists in this case.

Amount in Controversy.  For diversity jurisdiction to exist, the amount in controversy must exceed $75,000, exclusive of interest and costs.  28 U.S.C. §1332(a).  Plaintiffs and their counsel have already alleged the requisite amount in controversy to this Court.  On February 10, 2010, six plaintiffs—five of whom are plaintiffs in the instant action—represented by Plaintiffs' current attorney Craig Zobel, filed an action in this court styled *Edwin J. Reyes et al. v. United Technologies Corp.*, Case No 10-80228-CIV-RYSKAMP ("Reyes Complaint").  A copy of the Reyes Complaint is attached hereto as **Exhibit C.**  The Reyes Complaint made the same claims and sought the same remedies as the instant Complaint with respect to four properties in the Acreage, and the Reyes Complaint specifically alleged that "the amount in controversy exceeds $75,000.00." Exhibit C, ¶7.  The Reyes Complaint  instant Complaint is identical in all material respects, but includes a few slightly more detailed allegations, and adds 318 plaintiffs and seeks remedies with respect to 190 properties.

Pratt & Whitney has met its burden of establishing diversity of citizenship and showing that the amount in controversy exceeds $75,000, supporting a finding of diversity jurisdiction.

**Class Action Fairness Act.**  Removal is also proper pursuant to 28 U.S.C. § 1332(d), pursuant to which a federal district court has jurisdiction where at least one plaintiff is a citizen of a state diverse from the defendant, and the putative class seeks over $5,000,000 in damages.

As set forth above, Pratt & Whitney is a citizen of Delaware and Connecticut, and Plaintiffs are citizens of Florida. Florida.

As to amount in controversy for the putative class, Plaintiffs do not make a specific allegation in the instant Complaint, but in the Reyes Complaint, five of the instant Plaintiffs alleged that the amount in controversy was over $75,000 for the six plaintiffs in that case.[1] Exhibit C, Reyes Complaint, ¶7. In the instant case, Reyes, four of his previous co-plaintiffs, and 318 other plaintiffs, make the same allegations on behalf of a putative class of "10,000 homeowners." Complaint, ¶195. The instant Complaint uses the same damage calculation as the Reyes Complaint and seeks damages of the same type for the same type of harm, but for 10,000 alleged homeowners.

Pratt & Whitney denies any liability in this action, and denies that Plaintiffs are entitled to any damages   Nevertheless, for jurisdictional purposes, using Plaintiffs allegations, the amount in controversy exceeds the jurisdictional threshold of Section 1332(d).

Respectfully submitted,

GUNSTER, YOAKLEY & STEWART, P.A.
777 South Flagler Drive, Suite 500 East
West Palm Beach, FL 33401
Telephone:  561-655-1980
Facsimile: 561-655-5677
Attorneys for Pratt &Whitney

By:     s/Gregor J. Schwinghammer, Jr.
        G. JOSEPH CURLEY, ESQ.
        Florida Bar No. 571873
        jcurley@gunster.com
        GREGOR J. SCHWINGHAMMER, JR.
        Florida Bar No. 090158
        gschwinghammer@gunster.com

---

[1] There were six plaintiffs in the Reyes case. Five of the six are plaintiffs in the instant case. One of the original six plaintiffs is not a plaintiff in this instant case.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 16, 2010, I electronically filed the foregoing with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/Gregor J. Schwinghammer, Jr.
GREGOR J. SCHWINGHAMMER, JR.

## SERVICE LIST

**Joseph Adinolfe, et al. v. United Technologies Corporation d/b/a Pratt & Whitney**
**Case Number** _____
**United States District Court, Southern District of Florida**

CRAIG R. ZOBEL, ESQ.
Florida Bar No. 56080
czobel@reidzobel.com
CRAIG R. ZOBEL, P.A.
PO BOX 3151
West Palm Beach, FL  33402
Telephone:  561-659-7700
Facsimile:  561-659-3677
Attorneys for Plaintiffs

SCOTT P. SCHLESINGER, ESQ.
Florida Bar No. 444952
scott@schlesingerlaw.com
SCHLESINGER LAW OFFICES, P.A.
1212 S.E. 3rd Avenue
Fort Lauderdale, FL 33316.
Telephone:  954-467-8800
Facsimile:  954-523-4803
Attorneys for Plaintiffs

G. JOSEPH CURLEY, ESQ.
Florida Bar No. 57187
jcurley@gunster.com
GREGOR J. SCHWINGHAMMER, JR.
Florida Bar No. 090158
gschwinghammer@gunster.com
GUNSTER, YOAKLEY & STEWART, P.A.
777 South Flagler Drive, Suite 500 East
West Palm Beach, FL 33401
Telephone:  561-655-1980
Facsimile: 561-655-5677
Attorneys for Pratt &Whitney

WPB 1083682.4